UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| NOOR AYESHA NH, | : Case No. 2:22-cv-3154 |
| Plaintiff, | : |
| vs. | : District Judge Thomas M. Rose |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| SIDDIKA AYESHA, *et al.*, | : |
| Defendants. | : |

# REPORT AND RECOMMENDATIONS[1]

This matter is before the Court upon *pro se* Plaintiff Noor Ayesha NH's Motion for Leave to Proceed *in forma pauperis*. (Doc. #1). Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. #1) is granted **GRANTED**.

This matter is also before the Court *sua sponte* for an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action for lack of subject-matter jurisdiction.

Plaintiff brings this action against seven Defendants, including Siddika Ayesha, Sachin Pahwa, Manju Sharma Jetley, Javeed S, Sneha Sree, Perveez Hussain NH, and Sumaiya, claiming that she was "[h]arassed by stalking." (Doc. #1, *PageID* #16). Specifically, Plaintiff alleges that she been cyber stalked, followed, and harassed by telephone, through social media, and in person. *Id.* at 7-16. These events appear to have primarily occurred in Bangalore, India and Dubai. *Id.* Additionally, Plaintiff alleges that she has filed complaints with the FBI and police in the United

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

Kingdom, Delhi, Dubai, Toronto, and New York. *Id.* at 9, 11-12, 14-15. She has also filed petitions with the Supreme Court of India, a Delhi high court, a Dubai court, and a United Kingdom court and sent petitions to Australia, Canada, and Ireland. *Id.* at 7-8, 11-12. Most, if not all, of these petitions were rejected or dismissed. *Id.* Plaintiff filed a complaint in the United States District Court for the Eastern District of New York "where she planned accommodation." *Id.* at 7, 10; *see also Noor v. Hussain NH,* case no. 1:22cv3711, Doc. #1 (E.D. NY June 21, 2022). She also alleges she filed a case with a "Washington [S]eattle district court." (Doc. #1; *PageID* #s 11, 13). Plaintiff requests this Court "Allow the petition with cost; [and] To pass such other writ(s), order(s), or direction(s) as is deem (sic) fit and proper in the premises of the case, which is not specifically prayed for herein above." *Id.* at 17.

In accordance with 28 U.S.C. § 1915(e)(2), the Court must dismiss Plaintiff's Complaint if her claims (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In conducting this initial review, the Court accepts Plaintiff's allegations as true and construes them liberally in her favor. *See Donald v. Marshall*, No. 84-3231, 1985 WL 13183, at *1 (6th Cir. Apr. 5, 1985) (stating that, "[w]hen considering a *pro se* action for dismissal pursuant to 28 U.S.C. § 1915(d), the complaint should be liberally construed and the allegations of the complaint must be taken as true and construed in favor of the plaintiff"). However, while *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se*

plaintiffs must still satisfy basic pleading requirements.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Pursuant to Federal Rule of Civil Procedure 8(a)(1), a pleading must contain "a short and plain statement of the grounds for jurisdiction."  "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for 'diversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).  Accordingly, in addition to § 1915(e)(2) review, the Court must dismiss an action if it determines at any time that it lacks subject-matter jurisdiction.  Fed. R. Civ. P. 12(h)(3); *Williams v. Cincy Urban Apts.,* No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (Weber, D.J.) (citing *Carlock v. Williams,* 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

In the present case, Plaintiff does not state any basis for this Court's jurisdiction.  Upon review of Plaintiff's Complaint, the undersigned finds that there is no plausible legal basis for establishing subject-matter jurisdiction over this action.

District courts have federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  In this case, Plaintiff alleges that Defendants harassed and stalked her.  However, these claims do not involve or arise under any federal laws or the United States Constitution.  Indeed, her Complaint is devoid of reference to any federal laws, regulations, or provisions under the United States Constitution.  Because Plaintiff's claims for harassment and/or stalking do not arise under the Constitution, laws, or treaties of the United States, Plaintiff is unable to establish this Court's subject-matter jurisdiction under 28 U.S.C. § 1331.

Further, to the extent that Plaintiff relies on diversity of citizenship under 28 U.S.C. § 1332 to establish this Court's subject-matter jurisdiction, her claim fails. Under 28 U.S.C. § 1332, District courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and involves "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; [or] (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties...." 28 U.S.C. § 1332(a).

Here, Plaintiff has not alleged any monetary damages. Thus, the undersigned cannot conclude that the amount in controversy exceeds $75,000. Further, Plaintiff has failed to satisfy the complete diversity requirement. Plaintiff did not adequately allege her own citizenship—she merely indicates her address is in Bangalore, India. (Doc. #1, *PageID* #5). Likewise, Plaintiff does not identify Defendants' citizenship. All their addresses are in India. *Id.* at 5-6. Notably, Plaintiff does not allege that any of the Defendants residing in India may be domiciled elsewhere for purposes of determining their citizenship. If all parties are citizens of India, jurisdiction cannot be predicated on either § 1332(a)(1) or (a)(3) because U.S. citizens are not on both sides of the controversy. Furthermore, "the presence of foreign parties on both sides of the dispute destroys the complete diversity required by § 1332(a)(2)." *U.S. Motors v. Gen. Motors Eur.*, 551 F.3d 420, 424 (6th Cir. 2008). Accordingly, Plaintiff has failed to plausibly allege diversity of citizenship pursuant to 28 U.S.C. § 1332 to establish this Court's subject-matter jurisdiction.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 12(h)(3); and

2. The case be terminated on the Court's docket.

September 1, 2022

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

5

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).